UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MIGUEL BARAJAS VERDUZCO, | ) |
| | ) CASE NO. C13-1188-TSZ-MAT |
| Petitioner, | ) |
| | ) |
| v. | ) REPORT AND RECOMMENDATION |
| | ) |
| JANET NAPOLITANO, Secretary of the | ) |
| Department of Homeland Security, et al., | ) |
| | ) |
| Respondents. | ) |
| | ) |

## I.  INTRODUCTION

Petitioner is a native and citizen of Mexico who was issued a final administrative order of removal on September 19, 2011. On July 30, 2013, he filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his detention and requesting that this Court "[p]rovide a bond hearing for the petitioner with the accompaniment of counsel." (Dkt. No. 4.) In addition, he requested that this Court (1) order respondents to provide him with "a new hearing on his immigration matter," (2) find that respondents denied petitioner due process in his immigration proceedings, and (4) "order Janet Napolitano, John Morton, James Hayes, and Neil Clark to immediately cease their interference with the working

of the Immigration Court through undue influence." *Id*. at 3-4.  On August 2, 2013, petitioner filed an amended pleading, seeking a temporary stay of removal.  (Dkt. No. 6.)  This Court issued a temporary stay of removal on August 2, 2013.  (Dkt. No. 7.)

On August 20, 2013, respondents filed their Return and Motion to Dismiss.  (Dkt. No. 13.)  Respondents agreed that petitioner was eligible for a bond hearing and notified the Court that Immigration and Customs Enforcement ("ICE") had filed a motion with the Immigration Court requesting that petitioner be provided a bond hearing before an Immigration Judge.  (Dkt. No. 13 at 2, Exh. C.)   Petitioner did not file a response.

On September 12, 2013, respondents filed a reply which indicates that petitioner was given a bond hearing before an Immigration Judge, who granted petitioner's request for bond and ordered that he be released on $10,000 bond.  (Dkt. 15, Exh. A.)  On August 28, 2013, petitioner posted the $10,000 bond and was released from immigration custody.  (Dkt. No. 15, Exh. B.)  Respondents assert that petitioner's request for a bond hearing has become moot and should be dismissed.  Respondents further assert that the Court lacks jurisdiction to hear the remaining relief petitioner sought in his habeas petition because claims pertaining to the reinstatement of his removal order and/or his withholding only proceedings can only be raised in the court of appeals after petitioner has exhausted his administrative remedies.  (Dkt. Nos. 13 and 15.)

For the reasons set forth below, I recommend that respondents' motion to dismiss be GRANTED, and that petitioner's habeas petition be DISMISSED with prejudice.

II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Mexico who last entered the United States in 2008.

(Dkt. No. 13, Exh. A at 4.)  On September 19, 2011, he was issued a final administrative order of removal, based on his conviction for Unlawful Possession of Marijuana with Intent to Deliver, Unlawful Possession of Cocaine with Intent to Deliver, Possession of Stolen Property in the First Degree, and Alien in Possession of a Firearm.  (Dkt. No. 13, Exh. A at 1, Exh. B.)  Petitioner expressed a fear of returning to Mexico and was interviewed by an asylum officer who issued a negative credible fear determination and referred the matter to the Immigration Court.  *Id*.  The Immigration Court vacated the officer's credible fear determination and placed petitioner in withholding only proceedings for consideration of his Convention against Torture ("CAT") claim.  *Id*.  On June 24, 2013, an Immigration Judge denied petitioner's CAT claim.  *Id*.  Petitioner did not file an appeal of the Immigration Judge's order with the Board of Immigration Appeals ("BIA"), or a petition for review in the court of appeals.

On July 30, 2013, petitioner filed a pro se petition for writ of habeas corpus.  (Dkt. No. 4.)  On August 2, 2013, petitioner filed an amended pleading, seeking a temporary stay of removal.  (Dkt. No. 6.)  This Court issued a temporary stay of removal on August 2, 2013.  (Dkt. No. 7.)  On August 7, 2013, petitioner filed a second amended pleading.  (Dkt. No. 11.)  On August 20, 2013, respondents filed their return, along with a motion to dismiss.  (Dkt. No. 13.)  Petitioner did not file a response.  On September 19, 2013, respondents filed a reply.  (Dkt. No. 15.)  Accordingly, the briefing is complete and the petition is ready for review.

## III.   DISCUSSION

Petitioner's habeas petition challenges his continued immigration detention and seeks an order directing respondents to provide him with a bond hearing.  Petitioner, however, was released from immigration detention on August 28, 2013, under bond of $10,000.

Under 28 U.S.C. § 2241, a writ of habeas corpus "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The "in custody" requirement is satisfied at the time the petition is filed. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). To maintain a habeas claim, a petitioner must continue to have a personal stake in the outcome of the suit throughout "all stages of federal judicial proceedings." *United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001). At any stage of the proceedings, a petition may become moot "because it no longer present[s] a case or controversy under Article III, § 2, of the Constitution." *Spencer*, 523 U.S. at 7. "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation, however, there must be some remaining collateral consequences that may be redressed by success on the petition." *Abdala v. INS*, 488 F.3d 1061, 1064 (9th Cir. 2007) (citing *Spencer*, 523 U.S. at 7).

Because petitioner has been released from ICE custody, there is no remedy the Court can provide, nor are there any collateral consequences. *See id.* ("[W]here the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody."). Thus, petitioner's request for a bond hearing should be denied as moot. *See id.*; *see also Cooney v. Edwards*, 971 F.2d 345, 346 (9th Cir. 1992)(holding that the District Court properly dismissed plaintiff's claims that had become either moot or unripe).

The remaining relief petitioner seeks in his habeas petition pertains to the reinstatement of his removal order and/or his withholding only proceedings. The scope of habeas jurisdiction to review such claims, however, has been stripped by the provisions in the REAL

REPORT AND RECOMMENDATION
PAGE -4

ID Act of 2005.

The REAL ID Act amended 8 U.S.C. § 1252(a)(5) by adding a jurisdiction stripping provision and barring habeas review of all orders of removal. That provision provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter . . .

8 U.S.C. § 1252(a)(5). In addition, Congress eliminated habeas review of "all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States." 8 U.S.C. § 1252(b)(9). Further, Subsection 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). The language in the REAL ID Act makes clear that the district court lacks jurisdiction over habeas petitions that seek judicial review of "'any question[ ] of law [or] fact' arising from an order of removal." *Morales-Izquierdo v. Dep't of Homeland Sec.*, 600 F.3d 1076, 1082 (9th Cir. 2010). A claim arises from an order of removal when the alien cannot assert the claim without simultaneously challenging his or her removal order. *Id*. at 1082-83. A reinstatement order "qualifies as an order of removal that can only be challenged in a petition for review filed directly with [the court of appeals]." *Id* at 1082.

Petitioner claims that he was denied due process under the Fifth Amendment and that his rights have been violated in the immigration proceedings. As respondents point out,

REPORT AND RECOMMENDATION
PAGE -5

petitioner's claims challenge his final order of removal and can only be raised in the court of appeals after petitioner has exhausted his administrative remedies.   The Court, therefore, lacks habeas jurisdiction to hear petitioner's remaining claims for relief.    Furthermore, petitioner's request that this Court stay the execution of his final order of removal directly impacts the government's ability to "execute" his removal order and is thus precluded by 8 U.S.C. § 1252(g).   Therefore, petitioner's challenge to his removal (and his request for stay of removal) should be denied for lack of jurisdiction pursuant to the REAL ID Act.

## IV.   CONCLUSION

For the foregoing reasons, I recommend that respondents' motion to dismiss GRANTED, that petitioner's habeas petition be DISMISSED with prejudice, and that the temporary stay of removal previously issued by the Court be VACATED.

A proposed order accompanies this Report and Recommendation.

DATED this 16th day of September, 2013.

Mary Alice Theiler
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -6